### MARTIN et al. v. BOYD et al.

### No. 6277.

Court of Civil Appeals of Texas. Texarkana.

May 15, 1947.

Hurst & Burke, of Longview, for appellants.

H. A. Leaverton, of Lockney, for appellees.

HALL, Chief Justice.

Sarah Boyd and husband, Johnnie Boyd, joined by her two brothers, Lee and Richard Isaac, appellees, instituted this suit against E. A. Martin and Willie Holt in trespass to try title involving 43 acres of land in Panola County. In addition they sought to set aside and cancel a note and the deed of trust securing it against the 43-acre tract on the ground of alleged fraud practiced by Martin and Holt inducing

them to execute same. They also charged fraud against Martin, their attorney, in certain statements they alleged he made to them with respect to recovering the 43 acres which was at the time of Martin's employment involved in a lawsuit between Horace Briggs and appellees. Appellants joined the issue as to allegations of fraud, and in addition appellant Martin alleged an oral contract with appellees whereby he was to receive one-half of the mineral estate recovered. The cause was tried before a jury upon special issues, all of which were answered in favor of appellees and upon which the trial court rendered judgment for them.

■ It is appellants' contention that judgment non obstante veredicto should have been entered for appellant Holt for the reason that there was not sufficient testimony to support the verdict against him. We agree with this contention in so far as it concerns the $525 note executed and delivered to him by appellees. The facts show that the 43 acres of land in controversy was sold at a tax sale in 1928 by the sheriff of Panola County to B. L. Parker. Parker never lived upon nor took actual possession of it. He later sold to Horace Briggs, reserving an undivided one-half of the minerals, and there is evidence in the record that appellees recognized Briggs' title in their dealings with the AAA office. On March 6, 1943, Horace Briggs instituted suit against appellees in the District Court of Panola County for the title and possession of the land in controversy, and within a short time appellees employed appellant E. A. Martin, an attorney of Longview, Texas, to represent them in that litigation. Martin, on March 15, 1943, filed an answer for appellees. Johnnie Boyd, husband of Sarah, was in the United States Army and the cause was continued from term to term on that account. On the 16th day of March, 1946, appellees executed and delivered to Willie Holt a note in the principal sum of $525, due one year from date and bearing interest from date at the rate of ten per cent per annum. To secure this note they also executed and delivered to E. A. Martin, trustee, a deed of trust covering the land in controversy. The facts show that appel-

lant Martin used $425 of the money derived from said note to compromise the suit between Briggs and appellees and secured a deed from Briggs to himself for the surface of said land, which Martin, shortly thereafter, conveyed to appellants. $425 was the full amount of money received by appellants from the $525 note. $100 of that amount represented a bonus to Holt for the loan. After the settlement with Briggs, appellant Martin instituted suit against B. L. Parker for the undivided one-half of the minerals in and under the land retained by him. Within a few days Martin effected a compromise with Parker and his attorneys whereby Parker agreed to release the one-half of the minerals held by him for the sum of $200, and a draft was drawn on Willie Holt, with a mineral deed attached, through a bank at Longview. Attorney E. A. Martin wrote the appellees to come to his office at Longview and get the mineral rights straightened out. Appellees failed and refused to come to Martin's office and after several letters from Martin to them Willie Holt paid off the draft at the Longview bank and secured the mineral deed. At this juncture appellees employed an attorney and this suit resulted.

We have searched the record and in our opinion there is not sufficient evidence to charge appellant Willie Holt with any fraud or collusion with attorney Martin. Many times in the record appellees testified that they owed Holt the $525 and intended to pay it. True it is they plead that the deed of trust is void because the 43 acres is their homestead. Granting that the deed of trust lien is void because the 43 acres is their homestead, they still owe the debt which fact they reiterated time and again in their testimony. Therefore, the judgment against Holt should be reversed and here rendered, awarding him judgment against appellees for the sum of $525, with interest at the rate of ten per cent per annum from the date of the note to the date of judgment, and with six per cent interest thereafter until paid.

With respect to the $200 advanced by Willie Holt for the payment of the mineral deed attached to the draft heretofore referred to and the title to the minerals as

held by him under said deed, the judgment of the trial court is affirmed.

■ Appellants also make the contention that there is not sufficient evidence to charge Martin, the attorney, with fraud and therefore the judgment below should have been in his favor. We agree with this contention. Appellees alleged that attorney Martin falsely and fraudulently represented to them that in his opinion B. L. Parker and Horace Briggs had secured title to appellees' land which could not be defeated by them and that they would lose in any legal contest with them involving their title, and that they were induced by such false representations of Martin to execute the note and deed of trust mentioned heretofore. In our opinion, such representations of an attorney under the facts here would not constitute fraud. Great American Ins. Co. v. Dabney, Tex. Civ.App., 128 S.W.2d 496 (writ dismissed); Davis v. Moye, Tex.Civ.App., 155 S.W. 962.

■ In addition to the charge of fraud appellees also averred that when they borrowed the money from Holt it was the understanding between them and Martin that he would take that money and do whatever was necessary to clear their title; that Martin would get the title to the 43 acres including all the mineral estate back into appellees, and that the $525 was to include Martin's fee also. It was Martin's contention, however, that the $525 borrowed from Holt was for the purpose of settling the Horace Briggs case and that appellees entered into an additional oral agreement with him to the effect that they would give to him one-half of the minerals in and under said land as his fee for clearing the title thereto. The jury found against appellant Martin on this phase of the case and that finding is based upon sufficient evidence. So regardless of the issue of fraud the judgment of the lower court against Martin is sustainable on the theory claimed by the appellees, that is, that the oral contract plead by Martin did not exist. This being true the judgment against Martin must be affirmed.

Therefore, it is the order of this court that the judgment of the lower court be reversed and rendered in favor of appellant Willie Holt for his debt in the sum of $525, with interest as indicated above, and that the judgment in all other respects be affirmed both as to appellant Martin and appellant Willie Holt, and it is accordingly so ordered.

Reversed and rendered in part and in part affirmed.